CHIEF JUSTICE GRAY,
dissenting.
¶28 I join in Justice Leaphart’s dissent. In particular, I expressly second his statements that Strong not only did not overrule Stone, but that the two are entirely consistent. In any event, however, it is important to point out that even if the Court were correct, this case points out the necessity that we either harmonize a prior decision, properly distinguish it or explicitly overrule it. The failure to do so creates the very kinds of problems encountered here by litigants, legal practitioners, trial courts and this Court.
¶29 I write separately with regard to an issue Cynthia raises but the Court, quite properly, does not address. The Court notes at ¶18 that Cynthia did not present her estoppel argument to the District Court and, for that reason, we do not address it because it is raised for the first time on appeal. This result should not, in my view, necessarily be interpreted to mean that Cynthia is now without any avenue of relief regarding the correct-but unfortunate-result in this case. Relief may be available to her via such means as a motion to reopen the property disposition pursuant to § 40-4-208(3)(b), MCA, or some appropriate action pursuant to Rule 60(b), M.R.Civ.P., with regard to the Property Settlement Agreement incorporated into the Decree here. I am not advising that Cynthia take any further action or follow either of these potential avenues of redress; nor, of course, can anyone know whether or to what extent actual redress might be forthcoming. I merely write to express my view that Cynthia is not necessarily at the “end of the road” with regard to the issues in this case.